# AFFIDAVIT OF STEVEN A. HAMEL

I, TASK FORCE OFFICER (TFO) Steven A. Hamel, with the Drug Enforcement Administration ("DEA"), being duly sworn, deposes and says:

## Preface

1. Along with Special Agents and Task Force Officers from the Drug Enforcement Administration ("DEA"), I am conducting an investigation into violations of 21 U.S.C. § 841(a)(1) (possession with intent to distribute) by Christopher Gelinas. I make this affidavit in support of a Criminal Complaint to support the arrest of and to charge Gelinas with possession with intent to distribute methamphetamine, in violation of 21 U.S.C 21 U.S.C. § 841(a)(1), (b)(1)(C). As set forth in this affidavit, I believe there is probable cause to believe that Gelinas possessed methamphetamine with the intent to distribute it in the District of New Hampshire.

## Introduction

2. I am an investigative or law enforcement officer of the United States, within the meaning of Section 2510(7) of Title 18, United States Code, and am empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Section 2516 of Title 18, United States Code.

3. I am a Task Force Officer ("TFO") with the DEA, currently assigned to the DEA Portsmouth Tactical Diversion Squad. I am currently employed (as of April, 2019) by the, New Hampshire Attorney Generals Office. I have been a Task Force Officer at DEA since November 2013. As a TFO, I am a federal law enforcement officer within meaning of Fed. R. Crim. P. 41.

4. Prior to this assignment I was an officer with Colebrook Police Department and was a sworn member from November 2018 through April of 2019. Before that I was an officer with the Kittery Maine Police Department (KPD) assigned to the Narcotics Division, and was a sworn member of the KPD from February 1988 through September 2018. Prior to that

assignment I was a New Hampshire State Trooper assigned to Troop A from March of 1984 through February 1988. In 2013 I was detailed to the Portsmouth NH Tactical Diversion Squad. As a TFO, I am deputized to conduct federal investigations of violations of state and federal drug trafficking laws. I have authored more than 200 search and seizure warrant affidavits for illegal narcotics, related paraphernalia, and records, books, and proceeds derived as a result of the illicit activity. I have arrested and participated in the arrest of approximately 1500 persons for violations state and federal narcotics statutes. I have received more than 200 hours of specialized training in the area of illegal narcotics from various agencies to include KPD, the DEA, the Federal Bureau of Investigation (FBI), and the Maine State Police (MSP).

5. The following information is based on my observations during the course of this investigation and information supplied to me by other law enforcement officers.

6. The purpose of this affidavit is limited to showing that probable cause exists to support the issuance of a criminal complaint. Accordingly, while this affidavit contains all the material information I am aware of that is pertinent to the requested criminal complaint, it does not include each and every fact known by me or other investigators concerning the investigation.

**The November 26, 2019 Traffic Stop**

7. On November 26, 2019, a member of the New Hampshire State Police Mobile Enforcement Team conducted a traffic stop of a 2009 Subaru Legacy, NH Registration 410 0023, registered to Zachary Luca, in a parking lot on Maple Street, Manchester, New Hampshire. The vehicle had four occupants; Gelinas was in the backseat of the vehicle, behind the driver's seat.

8. The officer first spoke to the driver of the vehicle. The driver initially stated that he was unsure if the passengers in the vehicle had drugs on them, but then said that the passengers both use methamphetamine and might be in possession of methamphetamine. The

driver gave consent to search the car, and the officer asked the occupants to exit the vehicle. When exiting the vehicle, Gelinas spontaneously stated that any drugs in the vehicle belonged to him.

9. During a search of the vehicle, the officer located and seized a large quantity of suspected methamphetamine, which weighed approximately 70 grams. The suspected methamphetamine was found in a bag that had been on the floor of the rear driver's side of the vehicle, where Gelinas had been sitting.

10. The officer *Mirandized* Gelinas. After waiving his *Miranda* rights, Gelinas admitted to possessing 70 grams of methamphetamine.

11. On December 4, 2019, I took custody of the suspected methamphetamine. The drugs were field tested by Tru Narc, which provided a positive reading for Methamphetamine. In my training and experience, this quantity of methamphetamine is indicative of possession with intent to distribute, and not personal consumption.

## Conclusion

12. Based on the foregoing, I submit that is probable cause to believe, and I do believe, that Gelinas was in possession of a controlled substance with the intent to distribute the substance, in violation of 21 U.S.C. § 841(a)(1). Therefore, I respectfully request that a criminal complaint be issued to support the arrest of and to charge Gelinas with a violation of 21 U.S.C. § 841(a)(1).

Respectfully Submitted

/s/ Steven A. Hamel
Steven A. Hamel
Task Force Officer
Drug Enforcement Agency

Sworn and subscribed before me this 5th day of December, 2019.

Andrea K. Johnstone

Honorable Andrea K. Johnstone
United States Magistrate Judge
District of New Hampshire